## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 05-4037-JLF** |
| ) | |
| **CITY OF CAIRO, ILLINOIS,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## <u>CONSENT DECREE</u>

This action was brought by the United States against the City of Cairo, Illinois ("the City") to enforce the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, <u>et seq.</u>, as amended ("Title VII"), following receipt by the United States from the Equal Employment Opportunity Commission of a charge of discrimination filed by Luettha Watkins (EEOC Charge No. 280-2003-03253). This Court has jurisdiction of the action under 42 U.S.C. § 2000e-5(f) and 28 U.S.C. § 1345.

In its Complaint, the United States alleges that the City discriminated against Luettha Watkins on the basis of her sex, female, in violation of Section 703(a) of Title VII, among other ways, by:

(a)     Creating or maintaining a hostile work environment based on sex that adversely affected the terms, conditions and privileges of Ms. Watkins's employment as a communications dispatcher in the City's police department;

(b)     Denying Ms. Watkins promotion to a full-time communications dispatcher

position and discharging her from a part-time communications dispatcher position because she refused to accede to her supervisor's requests for sexual favors; and

(c)     Failing or refusing to take appropriate action to remedy the effects of the discriminatory treatment of Ms. Watkins.

The City denies that it has discriminated against Ms. Watkins in violation of Title VII. Nevertheless, the United States and the City, desiring that this action be settled by an appropriate Consent Decree ("Decree"), and without the burden and risks of protracted litigation, agree to the jurisdiction of this Court over the parties and the subject matter of this action.  The United States and the City also hereby waive, for purposes of this Decree only, hearings and findings of fact and conclusions of law on all issues, and further agree to the entry of this Decree as final and binding between them with regard to the issues raised in the Complaint filed by the United States in this case.

This Decree, being entered into with the consent of the United States and the City, shall in no way constitute an adjudication or finding on the merits of the case, nor be construed as an admission by the City or a finding of wrongdoing or violation of any applicable federal law or regulation.

In resolution of this action, the parties hereby AGREE to, and the Court expressly APPROVES, ENTERS and ORDERS, the following:

## PARTIES AND DEFINITIONS

1.     The parties to this Decree are the United States, by the Department of Justice ("United States"), and the City of Cairo, Illinois.

2.     The City of Cairo, its current, former and future agents, employees, officials,

2

designees and successors in interests are referred to hereinafter as the "City."

3.     Luettha Watkins is referred to hereinafter as "Ms. Watkins."

4.     The Equal Employment Opportunity Commission is referred to hereinafter as the "EEOC."

5.     Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., as amended, is referred to hereinafter as "Title VII."

## GENERAL RELIEF

6.     The City, by and through its officials, agents, employees and all persons in active concert or participation with the City in the performance of employment or personnel functions, shall not engage in any act or practice that discriminates against any employee or applicant on the basis of sex in violation of Title VII.

7.     The City shall not retaliate against or in any way adversely affect the terms and conditions of employment of any person because that person has opposed any practice made unlawful by Title VII, filed a charge with the EEOC, or testified, assisted or participated in any manner in an investigation, proceeding or hearing under Title VII, including this case or this Decree.

8.     Within sixty (60) days after the date of entry of this Decree, the City shall modify its anti-discrimination policies and procedures that prohibit sex discrimination under Title VII. These modifications shall include:

(a)     A clarification of what constitutes a "formal complaint" of harassment under the City's policy;

(b)     A clarification of whether there is a particular City form that an employee who

3

files a written complaint of harassment must fill out, or whether an employee has

the option to file a complaint verbally;

(c)    A description of the circumstances under which an internal investigation of a

complaint of harassment will be initiated;

(d)    A clarification of whether the employee or the supervisor has the duty to bring

harassment allegations to the attention of the Chief of Police, as stated in the

City's current sexual harassment policy, if the harassment continues; and

(e)    A definition of the term "immediately" in order to clarify within what time period

an employee must commit his or her allegations to writing.

9.    Within thirty (30) days after the date of entry of this Decree, the City shall submit

the modified policies and procedures, described in Paragraph 8, above, to the United States for

review, comment and approval.

10.    Within ten (10) days of the date on which the City implements the modified

policies and procedures set forth in Paragraph 8, above, the City shall distribute copies of such

modified policies and procedures to all employees in the City's police department, and post such

modified policies and procedures in all places used for posting general information to employees

in the City's police department, including any internet or intranet cites used for that purpose.

11.    The City shall ensure that each new employee in the City's police department

receives a copy of the modified policies and procedures set forth in Paragraph 8, above, at the

time of the new employee's hire.

12.    No later than ninety (90) days after the date of entry of this Decree, the City shall

provide, at its own costs, mandatory training on the law of equal employment opportunity and

4

prohibited discrimination based on sex to all supervisory employees in the City's police department, including the Chief of Police, lieutenants and sergeants.  The training shall, at a minimum, include an explanation of the City's policies and procedures, modified as set forth in Paragraph 8, above.  The City will select, with the concurrence of the United States, a qualified individual or group of individuals to conduct the training outlined in this paragraph.  The United States' concurrence will not be unreasonably withheld.  The United States will review and approve any proposed training program prior to its administration.

13.     All persons who undergo the training described in Paragraph 12, above, shall sign an acknowledgment of attendance at the training.  Within ten (10) days of such training, the City shall provide the United States with written confirmation that all persons covered by Paragraph 12, above, attended the training.  The City will keep on file all signed acknowledgments for the duration of the Decree.

14.     The City shall retain during the term of this Decree all documents, in paper or electronic form (including electronic mail), that come into its possession that are: (a) related to complaints of sex discrimination (formal or informal) made by employees in the City's police department; and/or (b) related to the training provided for under this Decree.

15.     The United States may review compliance with this Decree at any time.  As part of that review, the City shall provide copies of any documents relevant to the City's compliance with this Decree upon the request of the United States, including but not limited to the documents described in Paragraphs 13 and 14, above.

**SPECIFIC RELIEF**

5

16.     Without admitting the allegations of the United States as set forth in its

Complaint, and in settlement of the claims of the United States for relief on behalf of Ms.

Watkins:

(a)     The City shall offer to pay Ms. Watkins a total monetary award of $20,000.00, of

which $15,000.00 shall be attributed to backpay, and $5,000.00 shall be attributed

to compensatory damages.  The City shall pay the total monetary award in three

(3) installments, the first of which will be $6,667.00 ($5,000.00 attributed to

backpay and $1,667.00 attributed to compensatory damages), the second of which

will be $6,667.00 ($5,000.00 attributed to backpay and $1,667.00 attributed to

compensatory damages), and the third of which will be $6,666.00 ($5,000.00

attributed to backpay and $1,6666.00 attributed to compensatory damages), to be

completely paid out within two (2) years of the date of the first payment.

(b)     The City will not provide negative employment references for Ms. Watkins to any

future prospective employer that inquires about her employment with the City

from January 8, 2001, to June 15, 2002.  Nor will the City refer in any way to Ms.

Watkins's filing of complaints or charges of sex discrimination or this lawsuit

when communicating with prospective employers seeking a reference for Ms.

Watkins.  If a reference is requested by a prospective employer, the City will only

confirm the length of Ms. Watkins's employment, her past salary history, the fact

that she received satisfactory ratings, and that she is eligible for rehire.

17.     Within fifteen (15) days after the date of entry of this Decree, the City shall notify

Ms. Watkins of its terms by mailing to her, via certified mail, return receipt requested, a copy of

the letter as set forth in the attached Appendix A ("Appendix A letter").  The Appendix A letter shall inform Ms. Watkins that in order to accept the relief offered to her, she must return the executed Individual Relief and Release of Claims ("Individual Relief and Release") form, a copy of which is set forth in Appendix B, to the City within thirty (30) days of her receipt of the Appendix A letter unless good cause, as determined exclusively by the United States, exists for her failure to do so.  A copy of the Individual Relief and Release form and of this Decree shall be enclosed with the Appendix A letter.  The City shall provide Ms. Watkins with all tax forms required by law.  The City shall not deduct its share of Social Security taxes, if any, from the monetary award.

18.    In order to receive the relief offered her by the City under this Decree, Ms. Watkins must execute the Individual Relief and Release form provided with the Appendix A letter and return it to the City within thirty (30) days from the date she receives the Individual Relief and Release.

19.    The City shall provide the United States with a copy of Ms. Watkins's executed Individual Relief and Release form within (10) days after its receipt thereof.  Within fifteen (15) days from the date of its receipt of Ms. Watkins's Individual Relief and Release, the City shall mail to her a certified or bank check made payable to Luettha Watkins in the amount of six thousand six hundred sixty-seven dollars ($6,667.00).  The City shall mail Ms. Watkins a second certified or bank check made payable to Luettha Watkins in the amount of six thousand six hundred sixty-seven dollars ($6,667.00) within one (1) year of the first payment.  The City shall mail the third certified or bank check made payable to Ms. Watkins in the amount of six thousand six hundred sixty-six dollars ($6,666.00) within two (2) years of the first payment.

20.     Ms. Watkins has informed the undersigned attorney for the United States that she does not presently desire to return to work with the City.  Therefore, the City is not required to offer Ms. Watkins job opportunity relief under the Consent Decree.  The City agrees that if Ms. Watkins should seek employment with the City in the future, her application will be given fair, objective and non-discriminatory consideration.

## DISPUTE RESOLUTION

21.     The parties to this Decree shall attempt to resolve informally any disputes that may occur under this Decree.  If the United States and the City are unable to reach agreement after informally seeking to resolve a dispute, the issue may be submitted by either party to the Court for resolution upon at least thirty (30) days written notice to the other party.

22.     All documents required to be delivered under this Decree to the United States shall be sent to the following address if sent by U.S. mail:

> Chief, Employment Litigation Section
> Civil Rights Division
> U.S. Department of Justice
> PHB, Fourth Floor
> 950 Pennsylvania Avenue, N.W.
> Washington, D.C.  20530

Documents sent by overnight delivery service should be sent to the following address:

> Chief, Employment Litigation Section
> Civil Rights Division
> U.S. Department of Justice
> 601 D Street, N.W., Room 4912
> Washington, D.C.  20004

23.     All documents required to be delivered under this Decree to the City shall be sent to the following address:

8

Patrick Cox
City Attorney
City of Cairo
1501 Washington Avenue
P.O. Box 393
Cairo, Illinois 62914-0393

## JURISDICTION OF THE COURT

24.     The Court shall retain jurisdiction over this Decree and this cause of action for the purposes of implementing the relief provided herein, and resolving any disputes or entering any orders that may be necessary to implement the relief provided herein.

25.     The parties to this Decree shall attempt to resolve informally any disputes that may occur under this Decree.  If the United States and the City are unable to reach agreement after informally seeking to resolve a dispute, the issue may be submitted by either party to the Court for resolution upon at least thirty (30) days written notice to the other party.

26.     This Decree shall dissolve and this cause of action shall be dismissed, without any further order of this Court, at the end of two (2) years from the date of its approval and entry by this Court or upon the payment of the third certified or bank check, as described in Paragraphs 16 and 19, above, whichever is longer.

27.     The United States and the City shall bear their own costs in this action, including attorney's fees, except that the parties shall retain the right to seek costs for any matter which, in the future, may arise from this Decree and require resolution by the Court.

**IT IS SO ORDERED.**                    *s/ James L. Foreman*
**DATED:  August 28, 2006**              **DISTRICT JUDGE**

9

**APPENDIX A**

VIA CERTIFIED MAIL
RETURN RECEIPT REQUESTED

[Date]

Luettha Watkins
Orchard Park Apartments
1504 Seven Pines Road
Apartment F
Springfield, Illinois 62704

   Re:  United States of America v. City of Cairo, Illinois, No. 05-4037-JLF (S.D. Ill.)

Dear Ms. Watkins:

   The United States, by the Department of Justice, and the City of Cairo, Illinois ("City") have entered into a Consent Decree settling the case of United States of America v. City of Cairo, Illinois, No. 05-4037-JLF (S.D. Ill.).  A copy of the Consent Decree, which was approved and entered by the Court on _____ [date], is enclosed.

   Pursuant to the Consent Decree, the City is offering to do the following:

1.  Pay you a total monetary award of $20,000.00, of which $15,000.00 shall be attributed to backpay, and $5,000.00 shall be attributed to compensatory damages.  The City will pay this amount in three annual installments; the first two installments shall be in the amount of $6,667.00, and the last installment shall be in the amount of $6,666.00.  The first installment will be paid, via certified or bank check, within fifteen (15) days of the City's receipt of your executed Individual Relief and Release of Claims form, which is enclosed with this letter.  The second payment will be paid via certified or bank check within one (1) year of the first payment; the third payment, which will also be paid via certified or bank check, will be made by within two (2) years of the first payment.

2.  Agree not to provide negative employment references for you to any future prospective employer that inquires about your employment in the City's police department from January 8, 2001, to June 15, 2002.  Nor will the City refer in any way to your filing of complaints or charges of sex discrimination or retaliation or this lawsuit when communicating with prospective employers seeking a reference for you.  If a reference is requested by a prospective employer, the City will only confirm the length of your employment, your past salary history, the fact that you received satisfactory ratings, and that you are eligible for rehire.

   In order to accept the City's offer, or any part of it, you must execute the enclosed

**Individual Relief and Release of Claims** form and return it, within thirty (30) days of your receipt of this letter, to the City's counsel at:

> Patrick Cox
> City Attorney
> City of Cairo
> 1501 Washington Avenue
> P.O. Box 393
> Cairo, Illinois 62914-0393

Again, the City will pay the first payment of $6,667.00 within fifteen (15) days of its receipt of your executed Individual Relief and Release of Claims form. The City will pay the second payment of $6,667.00 within one (1) year of the first payment, and the third payment of $6,666.00 within two (2) years of the first payment.

If you decline the relief offered by the City, the City nevertheless will have satisfied its obligation to the United States pursuant to the Consent Decree, and the United States will not seek additional relief on your behalf.

If you have any questions concerning the Consent Decree or the City's offer to you, you may contact the following Department of Justice attorney in Washington, DC:

> Sonya A. Rao
> United States Department of Justice
> Civil Rights Division
> Employment Litigation Section - PHB
> 950 Pennsylvania Avenue, NW
> Washington, DC  20530
> Telephone:  (202) 514-6269

Sincerely,

_____
Patrick Cox
City Attorney
City of Cairo
1501 Washington Avenue
P.O. Box 393
Cairo, Illinois 62914-0393

Enclosures

**APPENDIX B**

11

## INDIVIDUAL RELIEF AND RELEASE OF CLAIMS

**IF YOU ARE ACCEPTING THE RELIEF, OR ANY PART OF THE RELIEF, OFFERED TO YOU, YOU MUST COMPLETE THE REST OF THIS FORM, HAVE IT NOTARIZED AND POST-MARKED BY _____[DATE].** A pre-addressed envelope is enclosed which you may use to return this form. You must return this form to the address on the envelope within thirty (30) days of your receipt of this letter unless you show good cause for not meeting this deadline. The envelope enclosing this form must be postmarked by _____ [date]. If you have any questions about how to complete this form, you may contact Sonya A. Rao at the United States Department of Justice at (202) 514-6269.

## RELEASE OF CLAIMS

For and in consideration of the acceptance of all or any part of the relief offered to me by the City of Cairo, Illinois ("City"), pursuant to the provisions of the Consent Decree entered by the Honorable James L. Foreman, United States District Judge, on _____ [date] in United States of America v. City of Cairo, Illinois, No. 05-4037-JLF (S.D. Ill.), I forever release and discharge the City, and all current, former and future agents, employees, officials, designees, predecessors and successors in interest from all legal and equitable claims, arising out of the Complaint filed in the above-captioned civil action and EEOC Charge No.280-2003-03253 accruing prior to the date of this release.

I understand that the relief to be given to me does not constitute an admission by the City of the validity of any claim raised by me or on my behalf, nor does it constitute a finding of any wrongdoing or violation of any applicable federal law or regulation.

This release constitutes the entire agreement between the City and myself, without exception or exclusion.

I acknowledge that a copy of the Consent Decree in this action has been made available to me for my review.

I HAVE READ THIS RELEASE AND UNDERSTAND THE CONTENTS THEREOF, AND I EXECUTE THIS RELEASE OF MY OWN FREE ACT AND DEED.

12

Signed this _____ day of _____, 200___.


_____
Signature

Social Security No.:   _____


Subscribed and sworn to before me this

_____ day of _____, 200___



_____
Notary Public
My Commission expires:   _____

13